**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PREMIER INTERNATIONAL ASSOCIATES LLC, an Illinois Limited Liability Company, | |
| Plaintiff, | |
| v. | Civil No. 2:07-cv-00395 |
| HEWLETT-PACKARD CO., a Delaware Corporation, | **TRIAL BY JURY DEMANDED** |
| ACER INC., a Taiwan Corporation, | |
| ACER AMERICA CORP., a California Corporation, | |
| GATEWAY INC., a Delaware Corporation, | |
| YAHOO! INC., a Delaware Corporation, | |
| AMAZON.COM, INC., a Delaware Corporation, and | |
| AMAZON DIGITAL SERVICES, INC., a Delaware Corporation, | |
| Defendants. | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, PREMIER INTERNATIONAL ASSOCIATES LLC, by its attorneys, hereby complains against Defendants HEWLETT-PACKARD CO., ACER INC., ACER AMERICA CORP., GATEWAY INC., YAHOO! INC., AMAZON.COM, INC., and AMAZON DIGITAL SERVICES, INC., collectively, "Defendants," as follows:

### I.

### INTRODUCTION

1.      In 1997, at a time when digital music delivery and management systems were largely in their infancy, PREMIER, filed a patent application disclosing new ways of organizing, managing, and delivering digital music. Two years later, the "digital music revolution" began with the release of the first version of the peer-to-peer file sharing service, the original Napster. Subsequently, many of PREMIER's inventions were incorporated into consumer products.

2.      Defendants have profited enormously from the digital music revolution, a revolution that fundamentally changed the way people are acquiring, managing and enjoying digital music.

3.      United States Patent Nos. 6,243,725 and 6,763,345, both assigned to PREMIER, generally disclose an integrated multi-tier music management system that claim inventions that are fundamental to the success of the digital music revolution.

2

## II.

## PARTIES

4.     Plaintiff PREMIER INTERNATIONAL ASSOCIATES LLC ("PREMIER") is an Illinois Limited Liability Company qualified to do business in the State of Texas.

5.     On information and belief, Defendant HEWLETT-PACKARD CO. ("HP") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3000 Hanover Street, Palo Alto, CA 94304.

6.     On information and belief, Defendant ACER INC. is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at 7F, No. 137, Sec. 2, Chien Kuo N. Road, Taipei, Taiwan, R.O.C. On information and belief, Defendant ACER AMERICA CORP. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 333 West San Carlos Street, Suite 1500, San Jose, CA 95110.  ACER INC. and ACER AMERICA CORP. will be collectively referred to as "ACER."

7.     On information and belief, Defendant GATEWAY INC. ("GATEWAY") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 7565 Irvine Center Drive, Irvine, CA 92618.

8.     On information and belief, Defendant YAHOO! INC. ("YAHOO") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 701 First Avenue, Sunnyvale, CA 94089.

9.     On information and belief, Defendant AMAZON.COM, INC. is a corporation organized and existing under the laws of the State of Delaware, with its

4040407.1
53233.2

principal place of business located at 1200 12th Avenue South, Suite 1200, Seattle, WA

98144.  On information and belief, Defendant AMAZON DIGITAL SERVICES, INC. is

a corporation organized and existing under the laws of the State of Delaware, with its

principal place of business located at 1200 12th Avenue South, Suite 1200, Seattle, WA

98144.  AMAZON.COM, INC. and AMAZON DIGITAL SERVICES, INC. will be

collectively referred to as "AMAZON."

### III.

### JURISDICTION AND VENUE

10.    This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1338(a) because this action arises under the patent laws of the United States,

including 35 U.S.C. § 271 *et seq.*  This Court has personal jurisdiction over Defendants

because each has committed acts giving rise to this action within Texas and this judicial

district and has established minimum contacts within the forum such that the exercise of

jurisdiction over Defendants would not offend traditional notions of fair play and

substantial justice.

11.    Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C.

§§ 1391(b), 1391(c), and 1400(b), because each Defendant has committed acts within this

judicial district giving rise to this action, and each Defendant "resides" in this District as

it is subject to personal jurisdiction in this District.  Venue is also appropriate because

Defendants do business in this judicial district, including one or more of the infringing

acts of offering for sale, selling, using infringing products, or providing service and

support to Defendants' customers in this District and they do so through established

distribution channels.

4

## IV.

## CLAIMS

12.     PREMIER realleges and incorporates by reference the allegations set forth in Paragraphs 1-11 above as if fully set forth herein.

13.     On June 5, 2001 United States Patent Number 6,243,725 (the '725 patent), entitled "List Building System" was duly and lawfully issued by the United States and Trademark Office to James D. Hempleman, Sandra M. Hempleman and Neil A. Schneider.  A true and correct copy of the '725 patent is attached as Exhibit A.

14.     On July 13, 2004 United States Patent Number 6,763,345 (the '345 patent), entitled "List Building System" was duly and lawfully issued to James D. Hempleman, Sandra M. Hempleman and Neil A. Schneider.  A true and correct copy of the '345 patent is attached as Exhibit B.

15.     PREMIER is the assignee of the '725 patent and the '345 patent (collectively, the patents-in-suit) and holds the right to sue and recover for past, present, and future infringement thereof.

16.     HP is engaged in the business of making, offering for sale, selling, and supporting personal desktop and notebook computers ("HP computers").  A substantial number of HP computers shipped to customers are configured to include a processor, a hard drive, a video card, a monitor, an audio card, speakers, a USB Port, a CD and/or DVD writer, and a network card or modem to connect to the Internet.  A substantial number of HP computers are shipped with a pre-installed version of either, Microsoft's Windows XP or Windows Vista operating system.  Every version of Windows XP and Windows Vista includes the Windows Media Player application.  HP computers

5

configured with the above-mentioned hard and software enable a user, for example, a) to import ("rip") music from Audio CDs and store the digital music files on the computers hard disk, b) to download music from a variety of online music stores via an Internet connection, c) to manage music stored on the hard disk, including but not limited to, creating playlists, d) to audibly and visually present the music, and e) to download music from the personal computer to a portable storage device via a USB connection.

17.     HP has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit.  The infringing acts include, but are not limited to, making, offering for sale, selling, distributing and supporting certain of the products identified in paragraph 16 above, including, but not limited to, certain HP computers, such as, for example, the HP Pavilion dv6500t series notebook and the HP Pavilion a6100y series desktop.

18.     HP's acts of infringement have caused damage to PREMIER.  Under 35 U.S.C. § 284, PREMIER is entitled to recover from HP the damages sustained by PREMIER as a result of its infringement of the patents-in-suit.  HP's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

19.     ACER is engaged in the business of making, offering for sale, selling, and supporting personal desktop and notebook computers ("ACER computers").  A substantial number of ACER computers shipped to customers are configured to include a processor, a hard drive, a video card, a monitor, an audio card, speakers, a USB Port, a CD and/or DVD writer, and a network card or modem to connect to the Internet.  A substantial number of ACER computers are shipped with a pre-installed version of either

4040407.1
53233.2

Microsoft's Windows XP or Windows Vista operating system. Every version of Windows XP and Windows Vista includes the Windows Media Player application. ACER computers configured with the above-mentioned hard and software enable a user, for example, a) to import ("rip") music from Audio CDs and store the digital music files on the computers hard disk, b) to download music from a variety of online music stores via an Internet connection, c) to manage music stored on the hard disk, including but not limited to, creating playlists, d) to audibly and visually present the music, and e) to download music from the personal computer to a portable storage device via a USB connection.

20.     ACER has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing and supporting certain of the products identified in paragraph 19 above, including, but not limited to, certain ACER computers, such as, for example, the Aspire 3050 notebook and the Aspire T180 desktop.

21.     ACER's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from ACER the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. ACER's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

22.     GATEWAY is engaged in the business of making, offering for sale, selling, and supporting personal desktop and notebook computers ("GATEWAY computers"). A substantial number of GATEWAY computers shipped to customers are

7

configured to include a processor, a hard drive, a video card, a monitor, an audio card,

speakers, a USB Port, a CD and/or DVD writer, and a network card or modem to connect

to the Internet.  A substantial number of GATEWAY computers are shipped with a pre-

installed version of either Microsoft's Windows XP or Windows Vista operating system.

Every version of Windows XP and Windows Vista includes the Windows Media Player

application.  GATEWAY computers configured with the above-mentioned hard and

software enable a user, for example, a) to import ("rip") music from Audio CDs and store

the digital music files on the computers hard disk, b) to download music from a variety of

online music stores via an Internet connection, c) to manage music stored on the hard

disk, including but not limited to, creating playlists, d) to audibly and visually present the

music, and e) to download music from the personal computer to a portable storage device

via a USB connection.

23.    GATEWAY has infringed and continues to infringe under 35 U.S.C. § 271

the patents-in-suit.  The infringing acts include, but are not limited to, making, offering

for sale, selling, distributing and supporting certain of the products identified in

paragraph 22 above, including, but not limited to, certain GATEWAY computers, such

as, for example, the NX 100X  notebook and the DX430 desktop.

24.    GATEWAY's acts of infringement have caused damage to PREMIER.

Under 35 U.S.C. § 284, PREMIER is entitled to recover from GATEWAY the damages

sustained by PREMIER as a result of its infringement of the patents-in-suit.

GATEWAY's infringement on PREMIER's exclusive rights under the patents-in-suit

will continue to damage PREMIER causing irreparable harm, for which there is no

adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

4040407.1
53233.2

25.     YAHOO is engaged in the business of making, offering for sale, selling, distributing, operating, and supporting the YAHOO! Music Unlimited online music service.  YAHOO customers access the Yahoo! Music Unlimited online music store from which users can download digital music files to their personal computer using the Yahoo! Music Jukebox software.  YAHOO subscribers can rent music for a subscription fee or purchase music for unlimited use.  The Yahoo! Music Jukebox software enables users to, for example, but not limited to, automatically import music from CD to the user's library, to browse and download music from the Yahoo! Music Unlimited music store, to manage music files on the personal computer, to create playlists and to download or write music files to portable digital storage devices.

26.     YAHOO customers can also access the Yahoo! Music Unlimited online music store directly from certain portable devices without the need for a personal computer.   For example, certain AT&T Mobile Music enabled phones can access the Yahoo! Music Unlimited online music store "over-the-air" and allow users to browse and purchase music directly from the device.  Furthermore, certain portable digital music players, such as, for example, the Sandisk SansaConnect, can also access the Yahoo! Music Unlimited online music store directly "over-the-air", enabling users to browse and download music directly onto the player.

27.     YAHOO has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit.  The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraphs 25 - 26 above, including, but not limited to the Yahoo! Music Unlimited online music store and the Yahoo! Music Jukebox software.

4040407.1
53233.2

28.     YAHOO's acts of infringement have caused damage to PREMIER.  Under

35 U.S.C. § 284, PREMIER is entitled to recover from YAHOO the damages sustained

by PREMIER as a result of its infringement of the patents-in-suit.  YAHOO's

infringement on PREMIER's exclusive rights under the patents-in-suit will continue to

damage PREMIER causing irreparable harm, for which there is no adequate remedy of

law, unless enjoined by this Court under 35 U.S.C. § 283.

29.     AMAZON is engaged in the business of making, offering for sale, selling,

distributing, operating, and supporting the Amazon MP3 Music Store/Service from which

users can purchase and download songs to their personal computers.  With the Amazon

MP3 Downloader software available for download from AMAZON, users can seamlessly

add their downloaded songs to the inventory of the music management software

application installed on the user's personal computer, such as Apple's iTunes or

MICROSOFT's Windows Media Player.

30.     AMAZON has infringed and continues to infringe under 35 U.S.C. § 271

the patents-in-suit.  The infringing acts include, but are not limited to, making, offering

for sale, selling, distributing, supporting and operating certain of the products identified

in paragraph 29 above, including, but not limited to the Amazon MP3 Music

Store/Service and the Amazon MP3 Downloader software.

31.     AMAZON's acts of infringement have caused damage to PREMIER.

Under 35 U.S.C. § 284, PREMIER is entitled to recover from AMAZON the damages

sustained by PREMIER as a result of its infringement of the patents-in-suit.  AMAZON's

infringement on PREMIER's exclusive rights under the patents-in-suit will continue to

damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMIER respectfully requests that this Court enter judgment against Defendants HEWLETT-PACKARD CO., ACER INC., ACER AMERICA CORP., GATEWAY INC., YAHOO! INC., AMAZON.COM, INC., and AMAZON DIGITAL SERVICES, INC., as follows:

    (a)    For judgment that Defendants have infringed and continue to infringe the patents-in-suit.

    (b)    for preliminary and permanent injunctions under 35 U.S.C. § 283 against Defendants and their respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with any of the Defendants enjoining any further acts of infringement;

    (c)    for damages to be paid by Defendants adequate to compensate PREMIER for their infringement, including interest, costs and disbursements as justified under 35 U.S.C. § 284;

    (d)    for judgment finding this to be an exceptional case, and awarding PREMIER attorney fees under 35 U.S.C. § 285; and

    (e)    for such further relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff PREMIER hereby

demands a jury trial on all issues triable by jury.


Dated: December 10, 2007                    Respectfully submitted,


By:   /s/ Elizabeth L. DeRieux
         S. Calvin Capshaw, III
         State Bar No. 03783900
         Elizabeth L. DeRieux
         State Bar No. 05770585
         BROWN MCCARROLL LLP
         1127 Judson Road, Suite 220
         Longview, Texas 75601
         (903) 236-9800 Telephone
         (903) 236-8787 Facsimile
         E-mail: ccapshaw@mailbmc.com
         E-mail: ederieux@mailbmc.com

      ATTORNEYS FOR PREMIER
      INTERNATIONAL ASSOCIATES, LLC

OF COUNSEL:

Franklin Jones, Jr.
State Bar No. 00000055
JONES & JONES, INC.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
(903) 938-4395 Telephone
(903) 938-3360 Facsimile
E-mail: maizieh@millerfirm.com

Joseph M. Vanek
State Bar No. 06197046
Thomas A. Vickers
David P. Germaine
State Bar No. 06274984
Jeffrey R. Moran
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Eugene M. Cummings
State Bar No. 556394
David M. Mundt
State Bar No. 6243545
David Lesht
State Bar No. 6180985
Martin Goering
State Bar No. 6286254
Konrad V. Sherinian
State Bar No. 6290749
Panasarn Aim Jirut
State Bar No. 6281877
COOK, ALEX, MCFARRON, MANZO, CUMMINGS & MEHLER
1 N. Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 419-0800 Telephone
(312) 419-0703 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: erynne@emcpc.com

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 10th day of December, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux

4040407.1
53233.2